Bay, J.
who observed, that be would never sit in the court of sessions and suffer its authority over any of the inferior officers of any department in the state, to be called in question. That although the office of a commissioner for the inspection of tobacco, was an office unknown at common law ; yet it was a well known maxim, that whenever an act of parliament creates a new office, unknown before, the moment an officer is appointed to fill the place, that instant he becomes subject to control of the supreme tribunals of justice ; and if he misbehaves, he is liable to 'punishment for such misbehaviour. Or if he abuses or exceeds his authority, the court of sessions can correct that abuse, and compel the newly created officer to do justice. That it vas the province of the legislative branch of the government, to make laws and create offices ; but it was the province of the judiciary alone, to construe them, when *355 made, and keep the officers within the bounds of duty, when once appointed.
Goodwin then proceeded to shew for cause, that by the twenty-fifth clause of the tobacco inspection act, it is enacted, “ That if any inspector shall neglect to give reason» 61 able attendance, at all reasonable hours, or shall be guilty of any rial practices; each inspector so offending shall “ be removed by the commissioners,” who are empowered to appoint another in his room ; “ provided, that no such u removal shall be lawful, unless the inspector shall have 61 liberty to make his defence, and an opportunity allowed 5‘ him to disprove the charge alleged against him.” That in pursuance of the powers given in this clause, the commissioners had removed Geter, the present applicant. The charges against him, were,
1. For purchasing tobacco.
. 2. For charging is. 6d. for coopering ; when in fact he did not perform the work, it being coopered by the owner.
The record of the conviction being called for, and produced,
Ramsay took two exceptions to it s
1. Because the conviction, and consequent removal upon it, had been the act of four of the commissioners only; whereas, by law, five were appointed. That the power given them was a joint power. There was no authority given by the act to a majority to act; nor provision for survivorship ; so that no act of their’s was legal, unless the whole five had joined in it.
2. That even if the whole five had joined in this conviction and removal, yet there was a glaring defect upon the face of their proceedings, as no witnesses appeared to have been sworn to prove the facts of which Geter was accused. Nor did the commissioners reduce to writing the tenor of what was even said on the trial, whereby it might appear to the court whether they had exceeded their powers, or not.
At this stage of the cause it was suggested, that this was a new case under the act j the first that had ever been *356 brought forward; and that as it went very materially t© affect the powers of the tobacco inspection commissioners throughout the state, it was proposed by the counsel for , . . , . , . ~ , . the commissioners, to postpone the consideration or this rase tpe adjourned court at Columbia, when all the judges on the circuit would be present; and when the act would have such a construction as would satisfy all parties. Which proposal being agreed to by the counsel for the applicant, the cause was postponed accordingly.
Adjourned Court, at Columbia, May 7th, Í794.
Present, BuR'ice, Grimke,' Waties, and Bat, Justices.
The cause was again brought forward, when nearly the same grounds of argument were taken as before.
The Court, after hearing the arguments, were of opinion, that as the power here was a joint one, without any authority given in the law to the majority of the commissioners to act, they were bound to give the act a strict construction. ^or it is a rule in construing of statutes, creating a new summary jurisdiction unknown to the common law, that such act should be construed strictly, nothing to be presumed, which is not expressly given by the act. In this act, the power is given to the five commissioners : the court cannot, therefore, by intendment say, that the act of four commissioners is valid, when the act gives the authority to five. That as to the conviction, it was defective on the face of it; as it did not appear that the witnesses had been sworn, or the substance of their depositions taken in writing, and introduced into the body of the conviction itself, that the court might be enabled to judge of its regularity,
The court further observed, that these kind of summary jurisdictions, without the intervention of a jury, are in restraint of the common law ; that nothing shall be construed in favour of them ; but the intendment of law is always against them. Therefore, wherever a new or special *357 power is given by an act, to justices of the peace or commissioners, it must appear that this power has been strictly pursued. And the proceedings must be, as nearly as possible, according to the course of trials before juries at common law ; as these justices or commissioners are, ont these occasions, put in the place both of judges and jurors. The party accused must be summoned; there must be a specific charge against him ; and he must have time and opportunity of being heard in his defence. The witnesses against him must all be on oath, agreeable to the rules of law, and reduced to writing, or at least so much as is neces-sarv to the conviction. And in cases of conviction, there ought to be record of it, under the hands and seals of the justices or commissioners, in which so much of the test’u mony must be set forrh, as will bring the offender under the terms of the law, and evince that they have not exceeded the powers given them by the law. If this is not done in such convictions, the common law will break in upon them, and level all their proceedings.
Therefore, ordered, that a mandamus do issue to the commissioners, to restore the present applicant to his office.